```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                :
ADRIAN D. PUGH                  :
                                :
     v.                         :   Civil Action No. DKC 13-2862
                                :
EQUAL EMPLOYMENT OPPORTUNITY    :
COMMISSION, et al.              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are the motions to dismiss filed by Defendant Montgomery County Public Schools ("MCPS") (ECF No. 5), and Defendant Equal Employment Opportunity Commission ("EEOC") (ECF No. 14). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the EEOC's motion will be granted. MCPS's motion will be construed as a motion to quash service and will be granted.

**I.   Background**

The following facts are set forth in the complaint. (ECF No. 1). Plaintiff, proceeding *pro se*, is an African-American female working as a paraeducator with MCPS. She alleges that she is eligible to teach provisionally in the state of Maryland as part of the Alternative Teacher Certification Process. As part of the process to obtain a standard teaching certificate,

she must complete a "teaching experience." Although not entirely clear, it appears that teaching provisionally would satisfy the "teaching experience" requirement. She applied to teach provisionally in November 2008. MCPS denied hiring her as a provisional teacher even though she has more education and experience than most of the non-African-American provisional teachers that MCPS hires on a consistent basis. Plaintiff contends that MCPS has offered no valid reasons for not hiring her. Attached to her complaint is the partial complaint of noncompliance she submitted to EEOC headquarters and the United States Department of Justice alleging that the Baltimore EEOC office failed to comply with EEOC policy. Plaintiff states that this partial complaint provides a good overview of her allegations against Defendants. In this partial complaint, she alleges that the EEOC did not investigate adequately her claims, including overlooking evidence, failing to permit Plaintiff to rebut MCPS's reasons for not hiring Plaintiff, and failing to interview important witnesses.

   Plaintiff states that the events concerning MCPS took place between November 2008 and September 2009. The events concerning the EEOC took place between March 2010 and the present. She filed charges with the EEOC on March 3, 2010 and received her right-to-sue letter on July 1, 2013.

On September 27, 2013, Plaintiff filed her complaint alleging that MCPS discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1). Her claims against the EEOC are for violations of the Due Process Clause of the Fifth Amendment to the United States Constitution and Title VII. On January 9, 2014, MCPS filed a motion to dismiss for lack of personal jurisdiction or insufficient process and service of process. If the case is not dismissed, MCPS requests a more definite statement. (ECF No. 5). On January 30, 2014, the EEOC filed a motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, failure to state a claim. (ECF No. 14). Following the filing of each motion, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of the court mailed a letter to Plaintiff notifying her that a dispositive motion had been filed and that she was entitled to file opposition material or risk entry of judgment against her. (ECF Nos. 6 and 15). Plaintiff opposed MCPS's motion on January 23, 2014 (ECF No. 13), and the EEOC's motion on February 19, 2014 (ECF No. 20). MCPS replied on February 6, 2014, and the EEOC did likewise on March 6, 2014 (ECF No. 22).

**II. Analysis**

   **A.   MCPS's Motion to Dismiss**

MCPS first argues that the complaint should be dismissed because MCPS is not a proper legal entity.  It submits that under Maryland law, educational matters are under the control of each county's board of education which has the capacity to sue and be sued in its own right.  Md. Code Ann. Educ. § 3-103.  Montgomery County has a board of education.  *Id.* §§ 3-901 - 903.  There is no legal authority authorizing MCPS to sue or be sued in its own name.  MCPS argues that because it cannot be sued, Plaintiff's complaint should be dismissed.  Notably, the cases MCPS cites in support of its argument recognized that the wrong defendant was named, yet the court treated the suit as if brought against the proper defendant and considered the merits of the claims, *Adams v. Calvert Cnty. Pub. Sch.*, 201 F.Supp.2d 516, 520 n.3 (D.Md. 2002), or instructed the plaintiff to file an amended complaint naming the correct defendant, *James v. Federick Cnty. Pub. Sch.*, 441 F.Supp.2d 755, 758 (D.Md. 2006).  Dismissing a complaint because of a pleading technicality is inappropriate, especially here, where Plaintiff is *pro se* and courts are instructed to analyze claims under a liberal review.  *See Young v. United States*, No. RDB 08-3349, 2009 WL 2170068, at *3 n.5 (D.Md. July 20, 2009) (court substitutes in proper defendant in *pro se* Title VII claim (*citing Marshburn v.*

4

*Postmaster Gen. of the United States*, 678 F.Supp. 1182, 1184 (D.Md. 1988))). To correct Plaintiff's error, the clerk will be instructed to change the name of the Defendant MCPS to "Montgomery County Board of Education."

MCPS next argues that Plaintiff's attempted process and service of process are insufficient. When the defense challenges service, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006); *see also* Fed.R.Civ.P. 4(l)(1). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (*citing Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

Fed.R.Civ.P. 4(j)(2) states that a local government agency must be served by delivering a copy of the summons and of the complaint to its chief executive officer or serving a copy in the manner prescribed by state law. Md. Rules, Rule 2-124(l) permits service on a local government agency to be done by serving the designated resident agent or, if no resident agent

exists or if a good faith effort to serve the resident agent has failed, service may be made by serving the chief executive or presiding officer or, if none, by serving any member of the governing body.

Here, the record reflects that service was purportedly effected by certified mail on December 20, 2013 upon "Montgomery County Public Schools, Attorney Eric Brousaides, Esq., Carney, Kelehan, Bresler, Bennett & Scherr, LLP, 10715 Charter Drive, Ste. 200, Columbia, MD 21044." (ECF No. 11). MCPS provides an affidavit from Mr. Brousaides in which he states that he is not authorized to accept service process for either MCPS or the Montgomery County Board of Education. (ECF No. 5-2). MCPS seeks dismissal of the complaint or, if that is found to be excessive, to quash service as to MCPS.

Plaintiff states that she attempted to follow diligently Rule 4. She listed Mr. Brousasides because that he was the only attorney that she knew was connected with MCPS. She knew of him because he defended MCPS during the EEOC's investigation of Plaintiff's claims. While acknowledging Plaintiff's good faith attempt, it is apparent that Plaintiff's purported service of process upon MCPS was insufficient under Rule 4(j).

Insufficient service of process, however, does not necessitate dismissal. Where "the first service of process is ineffective, a motion to dismiss should not be granted, but

6

rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (*quoting Bailey v. Boliermakers Local 667 of Int'l Bhd. of Boilermakers*, 480 F.Supp. 274, 278 (N.D.W.Va. 1979)).  Where there is no prejudice to the defendant and "there exists a reasonable prospect that service may yet be obtained," dismissal is inappropriate, and courts have generally allowed the plaintiff another opportunity to effect service.  *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3$^{d}$ Cir. 1992).  In the interest of justice, Plaintiff will be provided another opportunity to effect service of process upon the Montgomery County Board of Education.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Finally, MCPS submits that to the extent the court permits this action to proceed, it requests a more definite statement under Fed.R.Civ.P 12(e).  Rule 12(e) provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

As the United States District Court for the Eastern District of Virginia explained in *Frederick v. Koziol*, 727 F.Supp. 1019, 1020-21 (E.D.Va. 1990):

> Such a motion is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion should be denied. [*Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal. 1981)]; *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D.Pa. 1987). The motion for more definite statement is "designed to strike at unintelligibility rather than simple want of detail," and the motion will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading. *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D.Wis. 1985); *see Wilson v. United States*, 585 F.Supp. 202, 205 (M.D.Pa. 1984); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 406 (E.D.Pa. 1981).

The decision of whether to grant a motion for a more definite statement is committed to the discretion of the district court. *See Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

Plaintiff's complaint is not "so vague and ambiguous" that MCPS cannot reasonably be expected to prepare a response. As to MCPS, the complaint alleges that MCPS did not hire her as a provisional teacher despite her qualifications. She alleges that this decision was motivated by her race. MCPS's argues that Plaintiff has failed to establish any factual evidence that would support her claim for failure to hire based on race, such

8

as comparators or why she concludes that race was the reason she was not hired. But a "motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail." *Frederick*, 727 F.Supp. at 1021. The fact that MCPS has identified the traditional elements of a disparate treatment claim is itself evidence that the complaint is not unintelligible as much as devoid of sufficient detail. Arguments that a complaint is lacking in detail might be persuasive in a motion to dismiss under Rule 12(b)(6), but not in a motion for a more definite statement. *See Seneca One Fin., Inc. v. Structured Asset Funding, LLC*, No. DKC 10-1704, 2010 WL 4449444, at *3-4 (D.Md. Nov. 4, 2010) (finding that defendant's contention that complaint lacks sufficient detail concerning precise terms of alleged contract is not appropriate for a more definite statement, but instead better suited for a 12(b)(6) motion); *Streeter v. SSOE Sys.*, No. WMN-09-CV-01022, 2009 WL 3211019, at *10 (D.Md. Sept. 29, 2009) (explaining that a motion for more definite statement focuses on whether a party has enough information to frame an adequate answer). The request for a more definite statement will be denied.

    **B.  EEOC's motion to dismiss**

Plaintiff alleges that the EEOC failed properly to investigate her claim of discrimination against MCPS. In her complaint, she only lists a violation of Title VII, but in her

9

Civil Cover Sheet, she describes the cause of action as denial of due process by the EEOC in violation of the Fifth Amendment to the United States Constitution. The EEOC argues that Title VII does not confer jurisdiction over the EEOC in its capacity as an enforcement agency. While the United States Court of Appeals for the Fourth Circuit has not addressed this question, every circuit court to have done so has concluded that "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (citing to decisions from the United States Courts of Appeals for the First, Second, Fifth, Seventh, Ninth, and Tenth Circuits); *see also Irwin v. Miami-Dade Cnty. Pub. Sch.*, 398 F.App'x 503, 506 (11th Cir. 2010); *Ponton v. AFSCME*, 395 F.App'x 867, 872 (3d Cir. 2010); *Haddad v. EEOC*, 111 F.App'x 413, 415 (6th Cir. 2004); *Holsey v. Kiel*, No. GLR-12-2271, 2013 WL 1337691, at *1 (D.Md. Mar. 29, 2013) ("Defendants correctly assert that Title VII of the Civil Rights Act of 1964 does not confer upon this Court jurisdiction over suits against the EEOC when the plaintiff alleges discrimination by third parties.").

Plaintiff's claim that the EEOC's actions or omissions violated the Fifth Amendment also fails. While this court has jurisdiction to hear such a claim, due process does not furnish

a basis for Plaintiff's allegations. *See Holsey*, 2013 WL 1337691, at *2. In reviewing similar cases, courts have asserted that "an agency's less than useful attempts to bestow a benefit provided by Congress" does not rise to a violation of due process under the Fifth or Fourteenth Amendments. *Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 17 (1st Cir. 1979); *see also Quinones v. N.Y. City Comm'n on Human Rights*, 201 F.3d 432, 1999 WL 1295355, at *1 (2d Cir. Dec. 22, 1999) (unpublished table decision) (finding no basis to disturb the district court's conclusion that the "plaintiff could not state a claim against the EEOC for denial of due process because the EEOC's actions were not adjudicative and did not ultimately affect her rights"); *Milhous v. EEOC*, 145 F.3d 1332, 1998 WL 152784 (6th Cir. Mar. 24, 1998) (unpublished table decision) (same). Because a plaintiff dissatisfied with the EEOC's decision or methodology can obtain essentially *de novo* review of her discrimination claims by a U.S. District Court, a plaintiff whose claim the EEOC denied or treated improperly still has a vital federal remedy. *See Georator Corp. v. EEOC*, 592 F.2d 765, 768-69 (4th Cir. 1979) ("When the preliminary determination is without legal effect in and of itself, due process will be satisfied if there is an opportunity to be heard before any final order of the agency becomes effective."). "The proper course for a private plaintiff whose claim the EEOC mishandled

11

is to bring a lawsuit against the plaintiff's employer on the merits, not one against the EEOC." *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000). Plaintiff's claims against the EEOC will be dismissed.

**III. Conclusion**

For the foregoing reasons, MCPS's motion to dismiss, construed as a motion to quash service, will be granted. The EEOC's motion to dismiss will be granted. A separate order will follow.

                                    /s/
                           DEBORAH K. CHASANOW
                           United States District Judge