IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ADRIAN D. PUGH | : | |
| | : | |
| v. | : | Civil Action No. DKC 13-2862 |
| | : | |
| MONTGOMERY COUNTY BOARD OF EDUCATION | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is a motion to dismiss filed by Defendant Montgomery County Board of Education (ECF No. 36). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied.

**I.   Background**

On September 27, 2013, Plaintiff Adrian Pugh, proceeding *pro se*, filed a complaint against Montgomery County Public Schools ("MCPS") and Equal Employment Opportunity Commission ("EEOC").  (ECF No. 1).  The complaint asserts racial discrimination against MCPS for failing to hire her in November 2008 in violation of Title VII of the Civil Rights Act of 1964. (*Id.* ¶ 4).  Plaintiff alleges in her complaint, in relevant part:

> 1. I am eligible to teach provisionally for the state of Maryland as part of the

>     Alternative Teacher Certification Process; but I have to be hired to teach provisionally by a local school system in order to complete the "teaching experience" portion of the process for gaining a standard certificate to teach for the state of Maryland.  2. MCPS denied hiring me, even though I have more education and experience than most of the non-African American provisional teachers that they hire on a consistent basis.  3. MCPS has offered no valid reasons for the disparate treatment in my situation; and the small number of African-American provisional teachers that they report to have hired, does not meet a level of statistical significance to preclude liability for racial discrimination.

(*Id.* ¶ 6).  The complaint also asserts that the EEOC denied Plaintiff "due process in the handling, investigation, and dismissal of [her] complaint."  (*Id.* ¶ 4).  Plaintiff attached to her complaint a partial complaint of noncompliance she submitted to EEOC headquarters and the United States Department of Justice alleging that the Baltimore EEOC office failed to comply with EEOC policy.  (ECF No. 1-1).  In this partial complaint, Plaintiff asserted that the EEOC did not investigate adequately her claims, including overlooking evidence, failing to permit Plaintiff to rebut MCPS's reasons for not hiring her, and failing to interview important witnesses.

Plaintiff filed charges with the EEOC on March 3, 2010 and received her right-to-sue letter on July 1, 2013.  (ECF No. 1 ¶ 10).  After Plaintiff filed her complaint in this court, MCPS

filed a motion to dismiss for lack of personal jurisdiction or insufficient process and service of process. The EEOC also moved to dismiss for lack of subject matter jurisdiction or, in the alternative, failure to state a claim. The court issued a memorandum opinion and order on June 30, 2014 dismissing the claims against the EEOC, changing the name of Defendant in the case caption to Montgomery County Board of Education, and providing Plaintiff another opportunity to effect service of process upon the Montgomery County Board of Education.[1] (ECF Nos. 27 & 28).

After Plaintiff effected service of process upon the Board of Education for Montgomery County, the only remaining Defendant moved to dismiss on September 30, 2014. (ECF No. 36). Plaintiff was provided with a *Roseboro* notice (ECF No. 37), which advised her of the pendency of the motion to dismiss and her entitlement to respond within seventeen (17) days from the date of the letter. *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). Plaintiff opposed the motion (ECF No. 38). Defendant did not file a reply.

---

[1] The court denied the motion insofar as it sought a more definite statement. (ECF No. 27, at 8-9).

**II.  Standard of Review**

The arguments raised by Defendant in its motion to dismiss – lack of subject matter jurisdiction and failure to state a claim – implicate different standards of review.  First, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009).  A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1).  Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (*quoting* 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.30[1] (3d ed. 1998)).  The plaintiff always bears the burden of proving that subject matter jurisdiction properly exists in federal court.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  In considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant such a motion "only if the material jurisdictional facts are not in

4

dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions

couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (*quoting* Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

The recent analysis undertaken by the United States Court of Appeals for the Fourth Circuit in explaining the standard of review on a motion to dismiss in the context of a Title VII claim is instructive:

> Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  But this rule for pleading "requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Instead, a complaint must contain "[f]actual

> allegations [sufficient] to raise a right to relief above the speculative level." *Id.; see also Iqbal*, 556 U.S. at 678 (holding that a complaint "tender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not "suffice" (*quoting Twombly*, 550 U.S. at 557)). The Supreme Court has accordingly held that Rule 8(a)(2) requires that "a complaint . . . contain[] sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face'" in the sense that the complaint's factual allegations must allow a "court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added).

*McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

**III. Analysis**

    **A.  Administrative Exhaustion**

Defendant argues that Plaintiff failed to exhaust her administrative remedies.  (ECF No. 36-1, at 5).  Title VII requires a plaintiff to file an EEOC charge within a prescribed limitations period.  42 U.S.C. § 2000e-5(e)(1).  In deferral states such as Maryland, that limitations period is 300 days from the date of the allegedly discriminatory act.  *Id.*  Title VII also requires a plaintiff to bring a discrimination claim within 90 days from the date of receipt of the right-to-sue letter.  42 U.S.C. § 2000e-5(f).  "Courts strictly adhere to these time limits and rarely allow equitable tolling of

7

limitations periods." *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D.Md. 2003), *aff'd*, 85 F.App'x 960 (4th Cir. 2004).

The complaint asserts that she filed her charge with the EEOC on March 3, 2010. (ECF No. 1 ¶ 9). Although the complaint asserts that Plaintiff applied to teach provisionally in November 2008 and was refused a job at that time, (ECF No. 1 ¶ 4) – more than 300 days before she filed an EEOC charge – Plaintiff also alleges broadly that the discrimination occurred from November 2008 through September 2009 (*id.* ¶ 8). In her opposition, Plaintiff includes a timeline of her communications with "human resources/defendant," which reflects that her application was denied on September 30, 2009. (ECF No. 38-1, at 3-4). Plaintiff also attaches as an exhibit to her opposition email correspondence, dated September 30, 2009, from Susan Mark, Associate Superintendent, stating:

> This e-mail is a follow-up to our meeting and correspondence regarding your request for conditional certification. I have reviewed all your documentation and I also contacted the additional references that you provided me. At this time, I will not support granting you conditional certification to be considered for special education positions in Montgomery County Public Schools (MCPS).
>
> I know that you have worked hard to complete your coursework to become a special education teacher, however, I believe that the student teaching experience or an experience as a long-term substitute teacher is critical to becoming a teacher in MPCS.

> I suggest you consider applying to one of our partnership programs which will allow you to have a student intern experience.

(ECF No. 38-5, at 16). It appears that on September 30, 2009, Plaintiff was notified finally of her non-selection for the provisional teaching position for which she applied in November 2008, thus the final event putting Plaintiff on notice and giving rise to the cause of action took place within the 300 day statutory period.

### B. Failure to State a Claim

Defendant also argues that Plaintiff fails to state a claim for failure to hire based on race. To state a claim for race discrimination based on a failure to hire, Plaintiff must allege that: "(i) [she] belongs to a protected class, (ii) [she] applied and was qualified for a job for which the employer was seeking applicants, (iii) despite [her] qualifications, [she] was rejected, and (iv) after [her] rejection, the position remained open and the employer continued to seek applicants from persons of [her] qualifications." *E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001). "What is critical with respect to the fourth element is that the plaintiff demonstrate [s]he was not hired [] "under circumstances which give rise to an inference of unlawful discrimination." *Id.* (*quoting Texas Dept. of Comty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981)).

Defendant argues that "there are no tangible allegations [in the complaint] that race played a part in her non-selection for the position beyond her personal opinion and speculation." (ECF No. 36-1, at 6). Plaintiff asserts in the complaint that "MCPS unfairly denied [her] to teach provisionally even though [she is] eligible and they hire many non-African Americans to teach provisionally" and that MCPS "denied hiring [her], even though [she has] more education and experience than most of the non-African-American provisional teachers that they hire on a consistent basis." (ECF No. 1 ¶¶ 4, 6). Plaintiff includes additional factual support in her opposition to the motion to dismiss. Based on what the court can surmise from the complaint and opposition materials, the crux of Plaintiff's failure to hire claim is that Defendant did not place her on an eligibility list to be considered to teach provisionally and that other less or equally qualified applicants were placed on the eligibility list and/or selected for provisional teaching positions. (ECF No. 38-1, at 7-8). Plaintiff explains her qualifications, stating that she obtained a master's degree in Education and completed additional coursework for provisional teaching. (*Id.* at 7). Plaintiff essentially contends that she was not placed on the conditional certification list despite her qualifications, that the provisional teaching positions to which she sought to apply (Special Education and Spanish) remained

10

open, and that MCPS continued to accept applications from similarly or less qualified applicants. Specifically, Plaintiff asserts:

> There are currently 3 relevant special education teaching positions (not counting the "Applicant Pool" for special education teachers), and 1 relevant Spanish teaching position that are listed as available/open in the vacancy database. The date-stamp on the page is October 17, 2014. This establishes prima facie criteria #4 because while the defendant continues to deny me a teaching position, they continue to seek applicants for positions that I am qualified to fill (under the alternative certification process for the state of Maryland), giving rise to inference of unlawful discrimination.

(*Id.* at 8). Moreover, Plaintiff identifies comparators who she believes were less qualified and did not have teaching experience, yet they were selected to teach provisionally. (*Id.* at 9-10). Plaintiff also asserts that during the time that she was denied conditional certification to teach, there was "a critical shortage of teachers in both subject areas that [she is] seeking certification." (*Id.* at 9; *see also* ECF No. 38-11). Defendant has not responded to the assertions in the opposition.

Based on the foregoing, Plaintiff provides enough specific factual allegations at the pleading stage to nudge her discrimination claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680; *cf. McCleary-Evans*, 780 F.3d at 585-86 (affirming dismissal of a failure to hire claim

11

where plaintiff merely alleged that defendant did not hire her because its decision makers were biased and had predetermined that they would select white candidates to fill the positions). Defendant's motion to dismiss will be denied.

## IV.  Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant will be denied.  A separate order will follow.


                                    /s/
                          DEBORAH K. CHASANOW
                          United States District Judge